**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF OREGON**
**In re: REINARD ADOLPH POLLMANN, Debtor.**
**Case No.: 25-60008-thp7**

## OBJECTION TO ABANDONMENT OF REAL PROPERTY AND MOTION TO VACATE TURNOVER ORDER (DOC #396)

### I. RELIEF REQUESTED

I, Jane Goularte, a party in interest and 50% co-owner of the real property located at **321 S 5TH ST, COOS BAY, OR 97420**, appearing *Pro Se*, hereby move the Court for an Order:

1. Sustaining my Objection to the Trustee's Notice of Intent to Abandon the subject property; and
2. Vacating the Order Requiring Turnover of Property (Doc #396) based on lack of notice and newly discovered evidence of a "Squeeze Play" that endangers my home equity.

### II. STATEMENT OF FACTS

1. **Lack of Notice:** I am an omitted co-owner. I was not served with the Motion for Turnover (Doc #334), which resulted in the Order (Doc #396) being signed without my input.
2. **The "Squeeze Play":** Under Doc #396, the Trustee has seized 100% of the estate's liquidity. Simultaneously, the Trustee has moved to abandon my property, citing it as "burdensome."
3. **Artificial Insolvency:** The property has over **$147,000 in net equity** (Real Market Value: $436,350). The only reason it is "burdensome" is because the Trustee's seizure of all cash makes it impossible to pay the **$29,000 in delinquent taxes**.
4. **Equity Theft:** If the property is abandoned, the Automatic Stay is lifted. Without the cash seized in Doc #396, the property will fall into immediate tax foreclosure, wiping out my equity.

### III. ARGUMENT

- **Excusable Neglect:** I request the Court accept this filing as timely. I did not realize the fatal impact of the abandonment until I discovered the implications of the Turnover Order (Doc #396) filed on April 20, 2026.

- **Due Process:** Per Rule 9014, a motion to seize estate capital must be served on all parties in interest. My exclusion from Doc #334 prevented me from showing the Court that this seizure would trigger a tax foreclosure on my home.
- **Substantive Objection:** Property with $147,000 in equity is not "inconsequential in value" under **11 U.S.C. § 554**. The Trustee should use the seized funds to cure the tax default and sell the property for the benefit of the estate.

## IV. CONCLUSION

I request the Court vacate the Turnover Order (Doc #396) and stay the abandonment of the Coos Bay property until a hearing can be held to protect my co-ownership interest.

Dated: May 1, 2026
Respectfully Submitted,

**/s/Jane Goularte, Pro Se**
125 E 10th St. Coquille, OR
(458) 710-8827

## CERTIFICATE OF SERVICE

I certify that on **May 1, 2026**, I served a true and correct copy of the foregoing **OBJECTION TO ABANDONMENT AND MOTION TO VACATE TURNOVER ORDER** via electronic mail to the following parties:

1. **Trustee Kenneth Eiler**: kenneth.eiler@7trustee.net
2. **U.S. Trustee Jonas Anderson**: Jonas.V.Anderson@usdoj.gov
3. **Natalie Scott (Attorney for Mortgage Holder)**: natalie@scott-law-group.com
4. **Andrew J. Geppert (Counsel at Ballard Spahr)**: gepperta@ballardspahr.com
5. **Judson M. Carusone (Attorney for Debtor)**: jcarusone@oregon-attorneys.com
6. **Reinard Pollmann (Debtor)**: rpproperties@gmail.com

/s/Jane Anne Goularte