**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF OREGON**
**In re: REINARD ADOLPH POLLMANN, Debtor.**
**Case No.: 25-60008-thp7**

**OBJECTION TO ABANDONMENT OF REAL PROPERTY, MOTION TO VACATE TURNOVER ORDER (DOC #396), AND STATEMENT OF SUPPLEMENTAL FACTS**

**I. RELIEF REQUESTED**

I, Jane Goularte, appearing *Pro Se*, am a 50% co-owner of the real property located at **321 S 5TH ST, COOS BAY, OR 97420**. I hereby move the Court for an Order:

1. **Sustaining** my Objection to the Trustee's Notice of Intent to Abandon the subject property;
2. **Vacating** the Order Requiring Turnover of Property (Doc #396) based on lack of notice and newly discovered evidence; and
3. **Staying** all abandonment proceedings pending an independent appraisal of estate assets.

**II. STATEMENT OF FACTS AND SUPPLEMENTAL EVIDENCE**

1. **Lack of Notice and Due Process:** I am an omitted co-owner. I was not served with the Motion for Turnover (Doc #334), which resulted in the Order (Doc #396) being signed without my input. Furthermore, I missed the initial abandonment deadline due to medical incapacity (heart attack) and the Debtor's intentional omission of my name from the matrix.
2. **The "Squeeze Play":** Under Doc #396, the Trustee has seized 100% of the estate's liquid capital. Simultaneously, the Trustee moved to abandon my property, citing it as "burdensome." The property has over **$147,000 in net equity** (Real Market Value: $436,350). It is only "burdensome" because the Trustee's seizure of all cash makes it impossible to pay the **$29,000 in delinquent taxes**.
3. **Pattern of Below-Market Valuations (Doc #426):** Evidence in the Emergency Motion filed May 1, 2026 (Doc #426) regarding the Florence property proves a pattern of the Trustee under-valuing estate assets. In both the Florence and Coos Bay instances, the Trustee has prioritized "fire-sale" prices ($259,000 in Coos Bay vs. a $436,000 valuation) that

strip co-owner equity.

4. **Equity Theft:** If abandoned, the Automatic Stay is lifted. Without the cash seized in Doc #396, the property will fall into immediate tax foreclosure. This constitutes a "taking" of my equity without due process.

## III. ARGUMENT

- **Excusable Neglect:** I request the Court accept this filing as timely per Rule 9006. I acted immediately upon discovering the "Squeeze Play" in the April 20th order (Doc #396) and the lowballing pattern in the May 1st motion (Doc #426).
- **Substantive Objection:** Property with significant equity is not "inconsequential in value" under **11 U.S.C. § 554**. The Trustee should use seized funds to cure the tax default and sell the property at Fair Market Value.

## IV. CONCLUSION

I request the Court vacate the Turnover Order (Doc #396) and stay the abandonment of the Coos Bay property until my interest can be properly protected.
Dated: May 1, 2026
Respectfully Submitted,


**/s/Jane Goularte, Pro Se**
125 E 10th St. Coquille, OR 97423
(458) 710-8827


## CERTIFICATE OF SERVICE
I certify that on May 1, 2026, I served a copy of this document via electronic mail to:

- **Trustee Kenneth Eiler**: kenneth.eiler@7trustee.net
- **U.S. Trustee Jonas Anderson**: Jonas.V.Anderson@usdoj.gov
- **Natalie Scott (Creditor Attorney)**: natalie@scott-law-group.com
- **Andrew J. Geppert (Creditor Attorney)**: gepperta@ballardspahr.com
- **Judson M. Carusone (Debtor Attorney)**: jcarusone@oregon-attorneys.com
- **Robert C. Muth (Movant Attorney)**: rmuth@kilmerlaw.com

- **Reinard Pollmann (Debtor)**: rpproperties@gmail.com


**/s/Jane Goularte**