## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF OREGON

| In re: REINARD ADOLPH POLLMANN, | Case No. 25-60008-thp7 |
|---|---|
| Debtor. | |

## EMERGENCY MOTION FOR TEMPORARY STAY PENDING RECONSIDERATION OF ORDER AUTHORIZING SALE OF PARK PLACE – 1845 HIGHWAY 126, FLORENCE, OREGON; AND MOTION TO SHORTEN TIME

Interested Party Joconda Lorell Nielson, appearing pro se, respectfully moves this Court for an emergency temporary stay pending reconsideration of the Order Authorizing Sale concerning the Park Place property located at 1845 Highway 126, Florence, Oregon.

This Motion is brought pursuant to Federal Rule of Bankruptcy Procedure 8007, Federal Rule of Bankruptcy Procedure 9023, Federal Rule of Bankruptcy Procedure 9024, Federal Rule of Civil Procedure 62, 11 U.S.C. §§ 541(d) and 363(m), FRBP 8002(b), and the Court's equitable authority.

Movant requests immediate temporary relief preserving the status quo and preventing closing, transfer, recording, conveyance, possession changes, or further disposition of the property while the Court considers the pending Motion for Reconsideration.

## I. RELIEF REQUESTED

1. Immediately stay any sale, closing, transfer, recording, conveyance, eviction, turnover, possession change, or further disposition of Park Place, 1845 Highway 126, Florence, Oregon;

2. Maintain the status quo pending resolution of Movant's Motion for Reconsideration;

3. Shorten time for response and hearing due to emergency circumstances;

4. Preserve all proceeds, possession rights, inventory, improvements, business property, and operational assets connected with the premises;

5. Grant such other and further relief as is just and equitable.

## II. FACTUAL BASIS

Movant timely filed an Emergency Motion for Reconsideration on May 27, 2026 concerning the Sale Order entered May 13, 2026.

The Motion for Reconsideration raises substantial factual and legal issues concerning equitable ownership interests, implied partnership claims, constructive trust and equitable lien theories, open and notorious possession, inquiry notice, purchaser good-faith status, and due process concerns.

Movant openly, visibly, notoriously, and continuously occupied and operated businesses from substantial portions of the Park Place property for many years. Such occupancy and business operations were readily observable to tenants, brokers, agents, prospective purchasers, the Trustee, and purchaser David Montague.

Movant's open and notorious possession, lis pendens filings, business registrations, operational records, visible occupancy, title information, prior communications, and repeated assertions of equitable ownership placed the Trustee and purchaser upon inquiry notice concerning Movant's equitable ownership and possessory claims.

Supporting evidence includes the Declaration of Richard STANSFIELD, business registration records, licensing records, photographs of business operations and occupancy, operational records, and documents demonstrating longstanding possession, investment, improvements, sweat equity, and continuous business use of the property.

## III. LEGAL STANDARD

A temporary stay pending reconsideration considers:

1. likelihood of success on the merits or serious legal questions;

2. irreparable harm absent a stay;

3. whether other parties will be substantially injured; and

4. whether the public interest favors a stay.

Movant satisfies these standards and at minimum raises serious legal questions warranting preservation of the status quo.

## IV. ARGUMENT

A. Movant raises serious legal questions and likelihood of success.

Serious legal questions exist regarding whether the Sale Order improperly authorized transfer of property burdened by unresolved equitable ownership interests under 11 U.S.C. § 541(d).

Movant contends the Debtor held, at most, bare legal title subject to Movant's equitable ownership interests, constructive trust claims, implied partnership rights, equitable lien claims, and possessory rights.

Serious questions likewise exist regarding purchaser good-faith status under 11 U.S.C. § 363(m). Substantial evidence demonstrates inquiry notice of disputed ownership claims, lis pendens issues, adversary litigation, and Movant's longstanding possession and business use of the property.

B. Movant will suffer irreparable harm without immediate stay relief.

Without a stay, Movant risks loss of businesses, inventory, improvements, operational infrastructure, possessory rights, equitable ownership claims, and meaningful reconsideration rights.

Once transferred, recorded, conveyed, or closed, Movant's rights may become effectively extinguished or moot.

Money damages cannot adequately compensate for loss of unique property interests, longstanding business operations, open possession, improvements, inventory, and more than twenty-three years of labor, management, and investment.

C. Other parties will not suffer comparable harm from a temporary stay.

A temporary stay merely preserves the status quo pending reconsideration. The Trustee and purchaser may be protected through preservation of proceeds, escrow safeguards, or temporary delay pending adjudication.

Any temporary delay is outweighed by the irreversible harm Movant faces absent emergency relief.

D. The public interest favors a stay.

The public interest favors preservation of due process rights, fair adjudication of disputed property interests, careful review of purchaser good-faith issues, and preservation of meaningful judicial review before irreversible transfer of disputed property.

## V. EMERGENCY MOTION TO SHORTEN TIME

Shortened time is necessary because closing, transfer, recording, conveyance, or possession changes may occur imminently. Delay may render reconsideration meaningless and irreparably prejudice Movant's rights.

Movant respectfully requests immediate temporary relief and expedited consideration.

## VI. CONCLUSION

For the foregoing reasons, Movant Joconda Lorell Nielson respectfully requests that this Court grant an emergency temporary stay pending reconsideration concerning Park Place, 1845 Highway 126, Florence, Oregon, and prohibit any closing, transfer, recording, conveyance, eviction, turnover, possession change, or further disposition until further order of the Court.

Respectfully submitted,

Joconda Lorell Nielson        6-1-2026
Pro Se Party

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re: REINARD ADOLPH POLLMANN, | Case No. 25-60008-thp7 |
| --- | --- |
| Debtor. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___/___ day of June, 2026, I served a true and correct copy of the Emergency Motion for Temporary Stay Pending Reconsideration of Order Authorizing Sale of Park Place, 1845 Highway 126, Florence, Oregon; Motion to Shorten Time; Declaration; and accompanying exhibits upon the following parties or counsel of record via CM/ECF electronic filing and/or U.S. Mail:

• Andrew Geppert, Ballard Spahr LLP, Counsel for Trustee Kenneth S. Eiler

• Judson Carusone, Counsel for Debtor Reinard Pollmann

• Kenneth S. Eiler, Chapter 7 Trustee

• David Montague

• Robert Meuth

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _June /_____, 2026

Joconda Lorell Nielson