**DISTRICT OF OREGON**
**F I L E D**

**July 01, 2026**

**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_Teresa H. Pearson_
_____
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 25-60008-thp7 |
| Reinard Adolph Pollmann, | MEMORANDUM DECISION RE COMPENSATION OF BROKERS FOR SALE OF HOTEL IN NEWPORT HOTEL AND BUSINESS CENTER IN FLORENCE |
| Debtor. | |

This case came before the court on the trustee's request to compensate his master broker West Coast Commercial Realty ("West Coast") and his local broker Pacific Coast Real Estate & Development ("Pacific Coast") for their work as real estate brokers in connection with the sales of a hotel in Newport and a business center in Florence.[1]  Debtor Reinard Adolph Pollmann and creditor Joconda Lorell Nielson opposed payment of compensation to the brokers.[2]

_____

[1] Trustee's Brief in Support of Authorization of Compensation to Brokers for Sales of Florence Business Center and Newport Motel, ECF No. 435, filed May 5, 2026; Trustee's Reply in Support of Authorization of Compensation to Brokers for Sales of Florence Business Center and Newport Motel, ECF No. 484, filed May 26, 2026; _see also_ Order Amending Prior Order Authorizing Employment of Master Broker and Setting Briefing Schedule on Compensation of Local Brokers, ECF No. 397, entered Apr. 20, 2026, p. 3.

[2] Debtor's Objection to Compensation of Real Estate Brokers, ECF No. 474, filed May 19, 2026; Opposition and Request or Denial of Compensation for Cause to Trustee's Real Estate

Page 1 of 12 –    MEMORANDUM DECISION RE COMPENSATION OF BROKERS FOR SALE OF
HOTEL IN NEWPORT HOTEL BUSINESS CENTER IN FLORENCE

The court held a hearing on June 5, 2026, at which the trustee was represented by Andrew J. Geppert, and the Internal Revenue Service was represented by Nate Lichvarcik. Creditor Ms. Nielson did not appear. The court has reviewed the record and files of this case and considered the arguments made by the parties.

## Relevant Facts

The court incorporates the following facts from its April 20, 2026, order.[3]

1.    West Coast was previously employed as a master broker in this case while the case was pending in chapter 11.[4]

2.    When this court previously authorized the employment of West Coast as a master broker, the trustee made the following representation in paragraph 5 of his amended motion:

> 5.    Trustee will review and sign all listing agreements for Local Brokers for each individual property (the "LB Agreements"). The LB Agreements will contain the provisions set forth in the Addendum to Listing Agreement (the "Addendum"), attached hereto as Exhibit 1. The Addendum is standard in all listing agreements entered into in this district. The Addendum includes an acknowledgement by the Local Broker that all commissions charged by the Local Broker for a particular property will be commercially reasonable for that area and the nature of the property involved, and subject to Court approval.[5]

3.    Paragraph 7 of the addendum attached as exhibit 1 provided:

> 7.    The Seller represents that he has authority to sell the subject Property but does not provide any warranties regarding the condition of

---

Professionals, Including Master and Local Brokers, in the Sales of the Florence Business Center and the Newport Bay Motel (ECF No. 397), ECF No. 447, filed May 8, 2026.

[3] Order Amending Prior Order Authorizing Employment of Master Broker and Setting Briefing Schedule on Compensation of Local Brokers, ECF No. 397, entered Apr. 20, 2026, pp. 2-5.

[4] Trustee's Motion for Order to Employ West Coast Commercial Realty, LLC as Master Real Estate Broker for Trustee, ECF No. 83, filed Apr. 21, 2025; Trustee's Amended Motion for Order to Employ West Coast Commercial Realty, LLC as Master Real Estate Broker for Trustee, ECF No. 90, filed Apr. 11, 2025; Order Authorizing Employment of West Coast Commercial Realty, LLC as Master Real Estate Broker for Trustee, ECF No. 99, entered May 12, 2025.

[5] Trustee's Amended Motion for Order to Employ West Coast Commercial Realty, LLC as Master Real Estate Broker for Trustee, ECF No. 90, filed Apr. 21, 2025, p. 2.

the Property or the disclosures, written or otherwise, provided as part of the sale process. No indemnity is provided. Dual agency is not permitted.[6]

4.    The court's order authorizing the employment of West Coast as a master broker included the following provision in paragraph 4:

> 4.    The requirement that each Local Broker be employed by the Court pursuant to 11 U.S.C. § 327, Fed. R. of Bankr. P. 2014, and LBR 2014-1(b) is waived, as long as Trustee reviews and signs all listing agreements for Local Brokers.[7]

5.    Based on this, the court expected the trustee to ensure that all the local broker agreements included a prohibition on dual agency. This was necessary to ensure that the local brokers would not hold or represent an interest adverse to the estate as required by 11 U.S.C. § 327(a).

6.    While still in chapter 11, the trustee then moved to sell two parcels of real property, a hotel in Newport, Oregon,[8] and a business center in Florence, Oregon.[9]  The court held an evidentiary hearing on those motions.[10]  Although the court found that the sales themselves were appropriate, evidence presented at the hearing raised the court's concerns about whether the employment of the local brokers complied with the requirements of 11 U.S.C. § 327(a).  The court approved the sales but required that the trustee (i) hold back any compensation to the local brokers pending further court order, and (ii) file copies of the listing agreements with the local brokers.[11]

---

[6] *Id.*, at p. 4.

[7] Order Authorizing Employment of West Coast Commercial Realty, LLC as Master Real Estate Broker for Trustee, ECF No. 99, entered May 12, 2025, p. 2.

[8] Notice of Intent to Sell Real or Personal Property, Compensate Real Estate Broker, and/or Pay Any Secured Creditor's Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing, ECF No. 202, filed Dec. 18, 2025.

[9] Notice of Intent to Sell Real or Personal Property, Compensate Real Estate Broker, and/or Pay Any Secured Creditor's Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing, ECF No. 208, filed Dec. 24, 2025.

[10] Record of Proceeding, ECF No. 280, filed Feb. 11, 2026; Record of Proceeding, ECF No. 289, filed Feb. 13, 2026.

[11] Record of Proceeding, ECF No. 289, filed Feb. 13, 2026; Order Approving Sale (754 SW Coast Hwy, Newport, OR), ECF No. 293, entered Feb. 17, 2026, p. 2; Order Approving Sale (1525 12th St. Florence, OR), ECF No. 294, entered Feb. 17, 2026, p. 2.

7.      The trustee filed a copy of the Local Broker Consulting Agreement between West Coast as master broker and Pacific Coast as the local broker, as well as the listing agreements for the hotel in Newport and the business center in Florence.[12]  The Local Broker Consulting Agreement provided in relevant part as follows:

> 1.3 Upon direction by the Master Broker, the Local Broker will use reasonably diligent efforts to provide the following services (herein individually and collectively (as the context shall require) referred to as, the "Services") defined as: a) knowledge for the territory in which Local Broker is working, b) develop a Brokers Opinion of Value (BOV) for the Real Property with a marketing approach, c) execute a Real Property Exclusive Sale Listing Agreement(s) with Client which shall include the Addendum to Listing Agreement ("Addendum") attached as Exhibit B, d) create marketing materials and signage (where applicable), e) engage in regular follow up calls and meetings with the Firm and/or Client for progress reports, recent interest and strategy brainstorming execution of sales agreement(s) as directed and approved by the Client ("Transaction") of which shall be subject to approval by the United States Bankruptcy Court for the District of Oregon and as per the real estate license laws in the State of OREGON.
>
> ***
>
> 1.5 Local Broker agrees that under no circumstances shall Local Broker represent any interests that may be in conflict with the interests of Client including, but not limited to, any buyer (i.e., dual representation) of any Real Property offered by Client, without first disclosing the conflict to Firm and Client, and obtaining Firm and Client's written waiver of such conflict.[13]

The addendum attached as Exhibit B, which was required to be attached to all local broker listing agreements, provided in relevant part:

> 7.      The Seller represents that he has authority to sell the subject Property but does not provide any warranties regarding the condition of the Property or the disclosures, written or otherwise, provided as part of the sale process. No indemnity is provided. Dual agency is not permitted.[14]

---

[12] Trustee's Notice of Filing Listing Agreements, ECF No. 296, filed Feb. 17, 2026.

[13] *Id.*, Exh. 1, p. 1.  There is no evidence in the record of any such written waiver.

[14] *Id.*, Exh. 1, p. 6.

8.    Neither the listing agreement for the hotel in Newport nor the listing agreement for the business center in Florence initially filed by the trustee contained an addendum with a prohibition on dual agency.[15]  Each of the listing agreements the trustee filed contains a final agency acknowledgement listing the agents and firms representing the buyer and seller.  For the hotel in Newport, those parties are listed as:

- Buyer's Agent: Levi Rider, Oregon license no. 201225928, Name of Real Estate Firm: Pacific Coast Real Estate, Oregon license no. 201258321

- Seller's Agent: Joseph Aguirre, Oregon license no. 201012096, Name of Real Estate Firm: Pacific Coast Real Estate & Development, LLC, Oregon license no. 201258321.

For the business center in Florence, those parties are listed as:

- Buyer's Agent: Levi Rider, Oregon license no. 201225928, Name of Real Estate Firm: Pacific Coast Real Estate, Oregon license no. 201258321

- Seller's Agent: Joseph Aguirre, Oregon license no. 201012096, Name of Real Estate Firm: Pacific Coast Real Estate & Development, Oregon license no. 20125832

In addition to those facts, the following additional facts are relevant:

A.    After this court entered its April 20, 2026, order, the trustee provided evidence that he and the local broker signed a May 8, 2025, Addendum to Listing Agreement[16] and a June 12, 2025, Disclosed Limited Agency Agreement for Sellers.[17]  The trustee stated in his declaration that these documents applied to all listing agreements he entered into with Pacific Coast during this case.  The trustee did not explain why he did not previously include these documents when the court ordered him to file copies of his listing agreements with the local brokers.

---

[15] Trustee's Notice of Filing Listing Agreements, ECF No. 296, filed Feb. 17, 2026.
[16] Declaration of Kenneth S. Eiler in Support of Trustee's Brief in Support of Authorization of Compensation to Brokers for Sales of Florence Business Center and Newport Motel, ECF No. 435, filed May 5, 2026, Exh. 1.
[17] *Id.*, Exh. 2.

B.    The parties to the Addendum to Listing Agreement are the trustee, Joe Aguirre, and Pacific Coast.  Mr. Aguirre and Pacific Coast are collectively defined as the "Broker."  The Addendum to Listing Agreement provides that "[t]he remaining terms of the Listing Agreement remain in full force and effect provided they do not conflict with the terms below, and this Addendum applies to any modifications, renewals or extensions of this Listing Agreement."  Among the terms described, the addendum clearly states that "[d]ual agency is not permitted."

C.    The parties to the Disclosed Limited Agency Agreement are the trustee and Joe Aguirre, both on his own behalf and on behalf of principal broker Christopher Gederos.  The Disclosed Limited Agency Agreement for Sellers provides:

> Seller(s), having discussed with the Seller's Agent the duties and responsibilities of an agent who represents more than one party to a transaction, consent and agree as follows:
>
> (a)    The Seller's Agent, in addition to representing Seller (select one),  ☐ may ☒ may not represent one or more buyers in a transaction involving the listed property.
> (b)    In a transaction involving the listed property where the buyer is represented by an agent who works in the same Real Estate Firm [Pacific Coast] as the Seller's Agent and who is supervised by the Seller's Agent's Principal Broker, the Seller's Agent's Principal Broker may represent both Seller and buyer.  In such a situation, the Seller's Agent will continue to represent only the Seller, and the other agent will represent only the buyer, consistent with the applicable duties and responsibilities as set out in the Initial Agency Disclosure Pamphlet; and
> (c)    In all other cases, the Seller's Agent and the Seller's Agent's Principal Broker will represent Seller exclusively.

D.    The listing agreement for the sale of the Newport Hotel property provides that the brokerage fee is "owed and payable to BROKER'S FIRM . . . ."[18]  The Broker's Firm is defined as Pacific Coast.[19]

---

[18] Trustee's Notice of Filing Listing Agreements, ECF No. 296, filed Feb. 17, 2026, Exh. 2, p. 1, ¶ 5.
[19] *Id.*, Exh. 2, p. 6.

E.      The listing agreement for the sale of the Florence Business Center property also provides that the brokerage fee is "owed and payable to BROKER'S FIRM . . . ."[20]  The Broker's Firm is defined as Pacific Coast.[21]

F.      The trustee's sale of the Florence business center closed on April 7, 2026, and the trustee is holding $36,000 for compensation of real estate brokers from the sale.[22]

G.      The trustee's sale of the Newport hotel closed on May 27, 2026, and the trustee is holding $88,000 for compensation of real estate brokers from the sale.[23]

## Legal Analysis

Under section 327(a) of the Bankruptcy Code, a trustee may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties . . . ."[24]

Under section 328(c), with exceptions not relevant here, "the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 . . . if, at any time during such professional person's employment under section 327 . . . such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed."[25]

The court's decision whether to deny allowance of compensation for a professional's failure to comply with the Bankruptcy Code is discretionary.[26]  Although this court can deny all

---

[20] *Id.*, Exh. 3, p. 1, ¶ 5.
[21] *Id.*, Exh. 3, p. 6.
[22] Trustee's Report of Sale, ECF No. 395, filed Apr. 16, 2026, p. 2; Order Approving Sale (1525 12th St. Florence, OR), ECF No. 294, entered Feb. 17, 2026, p. 2, ¶ 5.
[23] Trustee's Report of Sale, ECF No. 501, filed June 10, 2026, p. 2; Order Approving Sale (754 SW Coast Hwy, Newport, OR), ECF No. 293, entered Feb. 17, 2026, p. 2, ¶ 5.
[24] 11 U.S.C. § 327(a).
[25] 11 U.S.C. § 328(c).
[26] *Film Ventures Int'l, Inc. v. Asher (In re Film Ventures Int'l, Inc.)*, 75 B.R. 250, 253 (9th Cir. BAP 1987).

compensation,[27] it is not required to do so.[28]  In exercising its discretion, the court should determine whether the professional's failure impaired the estate.[29]  Denial of compensation "serves to deter future wrongdoing by those punished and also to warn others who might consider similar defalcations."[30]

## I.    Compensation of the Local Broker

The trustee has asked to compensate the local broker.  Under the listing agreements, Pacific Coast is the local broker entitled to receive compensation.  Therefore, the court must evaluate whether Pacific Coast is disinterested or has represented an interest adverse to the estate.[31]

It is undisputed that Pacific Coast represented both the seller and the buyer in the sale of the hotel in Newport and the business center in Florence.  Joe Aguirre, as agent for Pacific Coast, represented the sellers in both transactions.  Joe Aguirre reported to principal broker Christopher Gederos.  Levi Rider, as agent for Pacific Coast, represented the buyers in both transactions.  The principal broker that Levi Rider reported to was Joe Aguirre's wife.  Mr. Aguirre and his wife each own 25% of Pacific Coast.

Because Pacific Coast represented interests adverse to the estate when it represented the buyers, this court must decide whether to deny allowance of its compensation in whole or in part.  This court finds itself in the same position as the bankruptcy court in *Acosta*,[32] where dual

---

[27] *Electro-Wire Prods., Inc. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 359-61 (11th Cir. 1994).
[28] *Gray v. English*, 30 F.3d 1319, 1323-25 (10th Cir. 1994); *First Interstate Bank of Nev., N.A., v. CIC Inv. Corp. (In re CIC Inv. Corp.)*, 192 B.R. 549, 553 (9th Cir. BAP 1996).
[29] *Prince*, 40 F.3d at 360; *CIC*, 192 B.R. at 554.
[30] *Gray*, 30 F.3d at 1323.
[31] Many of the trustee's arguments appear to be premised on the theory that the court need only evaluate whether the individual agent who handles the transaction complies with section 327.  However, the trustee has not proposed that the estate compensate only the individual agent and to do so would violate the terms of the listing agreements.
[32] *In re Acosta*, Case Nos. 09-32339DM and 09-32340DM, 2011 WL 2066725, at *2 (Bankr. N.D. Cal. May 25, 2011).

agency was prohibited, but "that prohibition was neglected by all who should have known better, leaving the court itself forced to insist on compliance . . . ."[33]

On one hand, Pacific Coast benefitted the estate, performing the services necessary to sell the hotel in Newport and the business center in Florence. The court approved the sales, which have now closed. No evidence of fraud or bad conduct was presented at the evidentiary hearing on the sale motions. After this issue came to light, the trustee and Pacific Coast acted promptly to correct the problem to ensure that dual agency did not occur with later transactions.[34]

On the other hand, prior to the court raising this issue, the record does not show that Pacific Coast made any effort to understand its obligations under the Bankruptcy Code when working on behalf of the trustee. It is impossible to know whether the estate could have received a better deal absent Pacific Coast Real Estate's work for both the buyer and the seller.[35]

After weighing the facts and circumstances of this case, the court will allow some, but not all, of the requested compensation to Pacific Coast. This court will impose a significant discount on the fees approved. The court will allow the trustee to compensate Pacific Coast $7,500 from the sale of the hotel in Newport and $5,000 from the sale of the business center in Florence. Further compensation to Pacific Coast for the sales of the hotel in Newport and the business center in Florence is denied.

The trustee's reliance on the Disclosed Limited Agency Agreement is misplaced. The entity to be compensated from the sales, Pacific Coast, is not a party to the Disclosed Limited Agency Agreement. Even if it were, the Addendum to Listing Agreement prohibiting dual

---

[33] *Id.*

[34] The trustee continues to employ Pacific Coast for sales of other properties of the estate. Because the trustee and Pacific Coast have corrected the dual agency problem going forward, and because the evidence in this case has shown that Pacific Coast is the leading commercial brokerage on the Oregon coast where many of the estate's properties are located, the court will not disqualify Pacific Coast from further employment by the estate, provided that Pacific Coast does not represent buyers or any other interests adverse to the estate in any future sales.

[35] *See Prince*, 40 F.3d 356 (citing the United States Supreme Court's decision in *Woods v. City Nat'l Bank & Tr. Co.*, 312 U.S. 262, 268, 61 S. Ct. 493, 497 (1940) for the common law proposition that denial of compensation is appropriate because the damage "can seldom be measured with any degree of certainty.").

agency expressly applies to all subsequent agreements between the trustee and Pacific Coast. More importantly, however, a trustee and his professionals cannot contract around the requirement of section 327(a) that the professional not represent an interest adverse to the estate.

The trustee's reliance on the court's treatment of the employment of the broker in the previous sale of property in Orinda, California is also misplaced. The previous judge assigned to this case made clear that "dual representation provisions will not be approved, certainly not without clear notice and a basis for such a provision."[36] There is no evidence in the record that the trustee provided any prior notice to any party about dual representation by Pacific Coast. The trustee did not provide any advance explanation to the court as to why he thought it would be appropriate for agents from Pacific Coast to represent both the estate as seller and the buyers in the sales of the hotel in Newport and the business center in Florence.

The sales of the hotel in Newport and the business center in Florence are also factually very different than the sale of the property in Orinda. The broker employed for the sale of the Orinda property was a national firm with over 400 offices and 33,000 real estate agents,[37] and evidence in the record showed that each agent operated independently.[38] Evidence in the record also showed that the agent for the estate as seller and the agent for the buyer in the sale of the Orinda property were not affiliated, other than sharing the same parent company.[39] This is far different from the situation here, where the agent for the estate as seller, Mr. Aguirre, was negotiating with the buyer's agent supervised by Mr. Aguirre's wife, all of whom worked for the same company, of which Mr. Aguirre and his wife each own 25%.

## II.      Compensation of the Master Broker

The court's prior concern about the master broker was that the evidence before the court indicated that the master broker did not comply with its obligation to ensure that the listing

---

[36] Correspondence, ECF No. 111, filed May 30, 2025.
[37] Declaration of Karen Richmond in Support of Trustee's Supplement to Motion for Order to Employ Compass as Real Estate Broker for Trustee, ECF No. 114, filed June 4, 2025, p. 2, ¶ 4.
[38] *Id.*, at p. 2, ¶ 9.
[39] *Id.*, at p. 2, ¶ 8.

agreements with the local broker contained an addendum prohibiting dual agency. Now that the trustee has provided additional evidence that the listing agreements with the local broker did, in fact, contain an addendum prohibiting dual agency, the court's concerns about the master broker are resolved.

No other party has asserted that the master broker itself represented an interest adverse to the estate or was not disinterested. Although debtor, Mr. Pollmann, questions whether employment of the master broker was necessary,[40] the time to raise that issue was back when the estate moved to employ the master broker[41] in April 2025, and not a year later, after the master broker did its work.

Under the agreement between the trustee and the master broker, the master broker is entitled to receive a fee "equal to twenty-five percent (25%) of any commission due, payable to, and received by Local Broker upon the completed Transaction upon terms authorized or accepted by the principal(s) in the Transaction. No referral fee shall be payable except upon a completed Transaction, and payment is conditioned upon the receipt of any commission by Local Broker, and subject to any payment terms thereof."[42] Therefore, the court will authorize the trustee to compensate West Coast twenty-five (25%) of the amount allowed for Pacific Coast, meaning that it will allow the trustee to compensate West Coast $1,875 from the sale of the Newport hotel property and $1,250 from the sale of the Florence business center.

---

[40] Debtor's Objection to Compensation of Real Estate Brokers, ECF No. 474, filed May 19, 2026.

[41] Trustee's Amended Motion for Forder to Employ West Coast Commercial Realty, LLC as Master Real Estate Broker for Trustee, ECF No. 90, filed Apr. 21, 2025; Order Authorizing Employment of West Coast Commercial Realty, LLC as Master Real Estate Broker for Trustee, ECF No. 99, entered May 12, 2025.

[42] Trustee's Notice of Filing Listing Agreements, ECF No. 296, filed Feb. 17, 2026, Exh. 1, p. 2, ¶ 3.

## Conclusion

The court will enter orders allowing and denying compensation to Pacific Coast and West Coast for their work as real estate brokers in connection with the sales of the hotel in Newport and the business center in Florence consistent with the opinion set forth above.

# # #