| In re: | Case No.: 25-60008-thp7 |
|---|---|
| REINARD POLLMANN, | OBJECTION TO NOTICE OF INTENT TO SELL PROPERTIES AND DISTRIBUTE PROCEEDS |
| Debtor. | *Hearing Requested* |

## I. INTRODUCTION

The Objector, Maria Polvay, is a priority administrative creditor of the estate. The Objector hereby files this formal Objection to the Trustee's recent Notice of Intent to Sell Properties. The current notice and proposed distribution schedules fail to recognize, protect, or reserve funds for the Objector's timely filed post-petition administrative expense claim of **$41,000.00**. Because administrative claims hold statutory priority over pre-petition or lower-tier liabilities under 11 U.S.C. § 503(b), the Objector respectfully requests that this Court order the Chapter 7 Trustee to sequester and reserve $41,000.00 from ongoing property sales pending final agency adjudication.

## II. FACTUAL BACKGROUND & OPERATIONAL ROLES

1. **Post-Petition Employment:** Following the Debtor's bankruptcy filing, the Objector, Maria Polvay, served as the active, on-site property manager responsible for day-to-day operations at the Newport Bay Motel, a primary asset of the bankruptcy estate.
2. **Administrative Roles:** While the Objector managed the physical property, Joconda Nielson administered payroll and financial books, acting as the direct corporate liaison to the Debtor.
3. **Protected Leave Violation:** In May of 2025, the Objector notified management of an upcoming, medically necessary surgery and requested the use of protected family leave under Oregon state law.
4. **Unlawful Out-of-Pocket Demand:** Joconda Nielson, acting in her administrative and payroll capacity, explicitly denied the protected leave. Ms. Nielson informed the Objector that if she proceeded with the surgery, she would be required to pay out-of-pocket to cover the wages of any temporary replacement manager.
5. **Procedural Management Chaos:** At or around the exact time of these events, Chapter 7 Trustee Kenneth Eiler submitted a motion to employ an outside consultant/broker Shawn Singh, to manage and liquidate estate assets under a commercially unreasonable 12% commission structure. The Debtor filed an objection to this

unauthorized operations of the unapproved consultant, the Objector was unlawfully terminated following her medical leave request, resulting in $41,000.00 in statutory and wage damages.

7. **Pending State Action:** The Objector timely filed a formal complaint with the Oregon Bureau of Labor and Industries (BOLI). BOLI has officially concluded its civil rights investigation into these post-petition actions and is currently processing the formal **Charge** for administrative mailing.

## III. LEGAL ARGUMENT

Under 11 U.S.C. § 503(b)(1)(A), administrative expenses include "the actual, necessary costs and expenses of preserving the estate, including—wages, salaries, or commissions for services rendered after the commencement of the case." Post-petition employment law violations committed by an estate's management or operators represent an administrative liability that must be satisfied before general distributions occur.

The Newport Bay Motel asset recently closed for **$1,100,000.00 in cash** on May 27, 2026. The estate is highly liquid, and the Trustee is currently moving to liquidate additional estate properties. Allowing the Trustee to completely distribute the liquid proceeds of these sales to pre-petition or lower-priority creditors while a timely filed, post-petition civil rights and wage claim remains unaddressed would cause irreparable financial harm to the Objector and constitute a reversible procedural error.

## IV. RELIEF REQUESTED

WHEREFORE, the Objector, Maria Polvay, respectfully requests that this Honorable Court:

- **Sustain** this Objection to the Notice of Intent to Sell Properties;
- **Order** the Chapter 7 Trustee to immediately sequester, withhold, and reserve $41,000.00 from the liquid proceeds of the ongoing property sales; and
- **Hold** said funds in an escrow or estate account until the formal BOLI Charge is received and the administrative claim is fully adjudicated.

Dated: July 4, 2026

Respectfully submitted,

*Maria L Polvay*

**Maria Polvay**, *Pro Se Creditor*                        626-314-4264
Maria.L.Polvay@icloud.com

7659 BERNHARDT HEIGHTS RD

FLORENCE, OR 97439